**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy        06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **DAVID'S BRIDAL CANADA, INC.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1001 Washington Street** **Conshohocken, PA 19428** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Montgomery** County | **Location of principal assets, if different from principal place of business** **See attached Rider 1** Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **https://www.davidsbridal.com/**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | DAVID'S BRIDAL CANADA, INC. | Case number (*if known*) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

___4481___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

| Debtor | **DAVID'S BRIDAL CANADA, INC.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

| List all cases. If more than 1, attach a separate list | Debtor | **See attached Rider 2** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **District of New Jersey** | When | Case number, if known |

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds** .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ■ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    **DAVID'S BRIDAL CANADA, INC.**                                      Case number (*if known*) _____
          Name

| **16.** **Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **DAVID'S BRIDAL CANADA, INC.** | Case number (*if known*) |
|---|---|---|
| | Name | |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **April 17, 2023**
                MM / DD / YYYY

X     **/s/ James Marcum**                                    **James Marcum**
_____                         _____
Signature of authorized representative of debtor              Printed name

Title     **Chief Executive Officer**
          _____

---

**18. Signature of attorney**

X     **/s/ Michael D. Sirota**                     Date     **April 17, 2023**
_____                         MM / DD / YYYY
Signature of attorney for debtor

**Michael D. Sirota**                              Christopher T. Greco
_____                       _____
Printed name

**Cole Schotz P.C.**                               Kirkland & Ellis LLP
_____                       _____
Firm name

**25 Main Street**                                 601 Lexington Avenue
**Court Plaza North**                              New York, NY 10022
**Hackensack, NJ 07601**                           Christopher.Greco@kirkland.com
_____                       _____
Number, Street, City, State & ZIP Code

Contact phone     **201-489-3000**       Email address     **msirota@coleschotz.com**

**MS-4088 NJ**
_____
Bar number and State

**Rider 1**
**Location of Principal Assets**

| Store Name | Address | City | State or Province | Postal Code |
|---|---|---|---|---|
| Edmonton | 10185 - 13th Avenue NW | Edmonton | Alberta | T6N0B6 |
| Calgary | Kingsland Village; 319 7337 Macleod Trail | Calgary | Alberta | T2H 0L8 |
| Langley | RioCan Langley Centre; 20070 Langley Bypass, Unit 10 | Langley | British Columbia | V3A 9J7 |
| Winnipeg | Kenaston Common; 160- 1570 Kenaston Blvd. | Winnipeg | Manitoba | R3P 0Y4 |
| Halifax | 85 Countryview Dr, Unit 5A | Dartmouth | Nova Scotia | B3B 0G4 |
| Scarborough | 1900 Eglinton Avenue East | Scarborough | Ontario | M1L 2L9 |
| Mississauga | Meadowvale Shopping Center; 3105 Argentia Road, Unit T6 | Mississauga | Ontario | L5N 8P7 |
| Ottawa | The Ottawa Trainyards; 145 Trainyards Drive, Unit 1 | Ottawa | Ontario | K1G 3X8 |
| London | Southgate Centre; 1025 Wellington Road, Unit 1 | London | Ontario | N6E 1W4 |
| Hamilton | Kingfisher Square; 920 Upper Wentworth Street | Hamilton | Ontario | L9A 5C5 |
| Cambridge | Smart Centres; 70 Pinebush Road, Unit #5 | Cambridge | Ontario | N1R 8K5 |
| Vaughan | 67 Colossus Drive | Woodbridge | Ontario | L4L 9J8 |

**Rider 2**
**Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates**

   On the date hereof, each of the entities listed below (collectively, the "<u>2023 Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The 2023 Debtors have moved for joint administration of these cases under the case number assigned to David's Bridal, LLC.

1. David's Bridal, LLC
2. DBI Midco, Inc.
3. DBI Holdco II, Inc.
4. DBI Investors, Inc.
5. David's Bridal Canada Inc.
6. Blueprint Registry, LLC

65783/0001-44981004v1

**Fill in this information to identify the case:**

Debtor name      **DAVID'S BRIDAL CANADA, INC.**

United States Bankruptcy Court for the:   DISTRICT OF NEW JERSEY

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration    **List of Equity Security Holders and Statement of Corporate Ownership**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 17, 2023**            X   /s/ James Marcum
                                              Signature of individual signing on behalf of debtor

                                              **James Marcum**
                                              Printed name

                                              **Chief Executive Officer**
                                              Position or relationship to debtor

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **DAVID'S BRIDAL, LLC, ET AL** |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW JERSEY** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **UPS - United Parcel Service** PO Box 7247-0244 Philadelphia, PA 19170-0001 | dmcharg @ups.com; melissaleblanc @ups.com 215-389-9993 | **Trade claim** | | | | **$1,299,101.00** |
| **RM Richards** 1400 Broadway 9th Floor New York, NY 10018 | EOuzouner @rmrich.com; Denisew @rmrich.com; BPatel @rmrich.com 646-435-7689 | **Trade claim** | | | | **$980,820.00** |
| **Google Inc.** Dept 33654 PO Box 39000 San Francisco, CA 94139 | gan-collections @google.com; collections @google.com | **Trade claim** | | | | **$923,341.00** |
| **Microsoft Corporation** PO Box 844510 Dallas, TX 75284-4510 | MSCREDIT@ microsoft.com; eacolcom@ microsoft.com 980-776-8084 | **Trade claim** | | | | **$797,611.00** |
| **CIT Group/ Commercial Svcs** PO Box 1036 Charlotte, NC 28201-1036 | Laura.Beale@firstcitizens.com; Kevin.Ritter@firstcitizens.com; Denise.Byrd@firstcitizens.com; Kandy.Bowen@ firstcitizens.com 213-613-2400 | **Trade claim** | | | | **$731,588.00** |
| **Unlimited Res & Comm Const LLC** 828 Crews Rd Carrolton, GA 30116 | jeffersbuild@ gmail.com 404-569-9288 | **Trade claim** | | | | **$508,575.00** |

| Debtor | DAVID'S BRIDAL, LLC, ET AL | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **UPS Supply Chain Solutions Inc.** 28013 Network Place Chicago, IL 60673-1280 | rfinney@ups.com; mcohn@ups.com 866-493-7140 | **Trade claim** | | | | $490,997.00 |
| **Bliss Designs Inc.** 1435 51st St Suite 2-2B North Bergen, NJ 07047 | jon@bliss-designs.com; marie@bliss-designs.com 201-420-3873 | **Trade claim** | | | | $484,788.00 |
| **Unique Structures LLC** 315 Ushers Rd Ballston Lake, NY 12019 | tom@usny.biz 518-877-0717 | **Trade claim** | | | | $453,922.00 |
| **January Digital LLC** 4833 Overton Woods Ft. Worth, TX 76109 | Kevin@JanuaryDigital.com; accounting@januarydigital.com | **Trade claim** | | | | $377,474.00 |
| **Facility Source LLC** Attn Accounts Receivable 2020 N Central Ave Ste 1200 Phoenix, AZ 85004 | ken.schwieterman@cbre.com; Patricia.Green@cbre.com 614-318-1700 | **Trade claim** | | | | $338,821.00 |
| **Meta Platforms Inc.** 15161 Collections Center Drive Chicago, IL 60693 | AR@FB.com 650-543-4800 | **Trade claim** | | | | $293,077.00 |
| **Attentive Mobile Inc.** PO Box 200659 Pittsburgh, PA 15251-0659 | AR@attentivemobile.com 844-293-7265 | **Trade claim** | | | | $264,242.00 |
| **France Lab Inc.** 264 W 40th St, 17th fl New York, NY 10018 | rmehta@mcbg-lab.us 646-3814 | **Trade claim** | | | | $237,070.00 |
| **Loeb Electric Co.** 1800 E 5th Ave Columbus, OH 43219 | david.ellcessor@loeblighting.com | **Trade claim** | | | | $216,273.00 |
| **TaxMatrix Technologies LLC** 200 Grandview Ave, Ste 100 Camp Hill, PA 17011 | 610-232-0137 | **Trade claim** | | | | $198,438.00 |

Debtor   **DAVID'S BRIDAL, LLC, ET AL**                                         Case number *(if known)*
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| TC Millwork Inc. PO Box 826 Bensalem, PA 19020 | k.zegarski@ tcmillwork.com 215-245-4210 | Trade claim | | | | $192,820.00 |
| BirdEye Inc. PO Box 8563 Pasadena, CA 91109-8604 | 408-306-3575 | Trade claim | | | | $171,875.00 |
| Bridal Veil Company Inc. 34 34th St Brooklyn, NY 11232 | marionatbv@ hotmail.com 888-403-5255 | Trade claim | | | | $157,674.00 |
| American Litho Inc. 175 Mercedes Dr Carol Stream, IL 60199 | bjohnson@alitho.com 630-973-8292 | Trade claim | | | | $157,263.00 |
| Blueberry Technologies LLC 419 26th St Seattle, WA 98144 | adam@bilberry.com; billing@bilberry.com | Trade claim | | | | $154,400.00 |
| Universal Music Enterprises A Div of UMG Records Inc. 2220 Colarado Ave Santa Monica, CA 90404 | adriana.schroeder@umu sic.com | Trade claim | | | | $150,000.00 |
| Royal Cyber Inc. 55 Shuman Blvd Ste 275 Naperville, IL 60563 | accounting@royalcyber. com 630-355-6252 | Trade Claim | | | | $146,006.00 |
| 4545 Kennedy  LLC PO Box 85 West Palm Beach, FL 33402 | annette@ flagler-realty.com | Rent | | | | $138,415.00 |
| Kyndryl Inc. PO Box 735919 Dallas, TX 75373-5919 | rosas@kyndryl.com; ARUS@kyndryl.com 212-552-1481 | Trade Claim | | | | $137,534.00 |
| BCORE Defender PA 1M01 LLC PO Box 200278 Dallas, TX 75320-0278 | rpiercy@linklogistics. com 267-705-6210 | Rent | | | | $134,952.00 |

Debtor    **DAVID'S BRIDAL, LLC, ET AL**                                    Case number *(if known)*
_____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Moschini Productions Inc. 190 Beach 69th St 4D New York, NY 11692** | **917-673-2101** | **Trade Claim** | | | | **$134,613.00** |
| **ColFin 2015-3 Industrial PO Box 208383 Austin, TX 75320-8383** | **pmnortheast@ liprop.com; RPiercy@ linklogistics.com** | **Rent** | | | | **$131,404.00** |
| **[24]7.ai, Inc. 2105 S Bascom Ave Ste 195 Campbell, CA 95008** | **998-694-1252** | **Trade Claim** | | | | **$127,023.00** |
| **Ring Central Inc. 20 Davis Dr Belmont, CA 94002** | **rich.pennix@ringcentral. com 704-621-4340** | **Trade claim** | | | | **$118,930.00** |

# United States Bankruptcy Court
### District of New Jersey

In re    **DAVID'S BRIDAL CANADA, INC.**

Debtor(s)

Case No. _____

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **David's Bridal LLC**<br>**1001 Washington Street**<br>**Conshohocken, PA 19428** | | | **100% Owner** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Executive Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **April 17, 2023**

Signature    /s/ James Marcum

**James Marcum**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
### District of New Jersey

In re    **DAVID'S BRIDAL CANADA, INC.**

Debtor(s)

Case No.

Chapter    **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **DAVID'S BRIDAL CANADA, INC.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**David's Bridal LLC
1001 Washington Street
Conshohocken, PA 19428**

☐ None [*Check if applicable*]

**April 17, 2023**

Date

/s/ Michael D. Sirota

**Michael D. Sirota**

Signature of Attorney or Litigant

Counsel for    **DAVID'S BRIDAL CANADA, INC.**

**Cole Schotz P.C.
25 Main Street
Court Plaza North
Hackensack, NJ 07601
201-489-3000 Fax:201-489-1536
msirota@coleschotz.com**

## RESOLUTIONS OF THE SOLE SHAREHOLDER

### OF

### DAVID'S BRIDAL CANADA INC.
(the "**Company**")

### DATED APRIL 16, 2023

**CONTEXT:**

**A.**     The sole shareholder of the Company is party to a unanimous shareholder agreement dated February 22, 2010 (as amended and restated from time to time) under which the powers of the directors to manage or supervise the management of the business and affairs of the Company are restricted to the fullest extent permitted by law and the sole shareholder agreed to have, enjoy, exercise and perform all rights, powers and duties of the directors to  manage or supervise the management of the business and affairs of the Company.

**B.**     In light of the Company's current financial condition and, after consultation with the Company's advisors, and in order to maximize value for the Company's stakeholders, the Company has concluded that it is in the best interests of the Company, including its creditors, employees, and other interested parties that (i) a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) the Company obtain DIP Financing (as herein defined); and (iii) the Company seek to enter into an asset purchase or similar agreements (any such agreement, an "Asset Purchase Agreement") in connection with its chapter 11 case (and together with the chapter 11 cases of its affiliates, the "Chapter 11 Cases").

  **NOW THEREFORE**, be it

  **RESOLVED**, that in the judgment of the sole shareholder, and in order to maximize value for the Company's stakeholders, it is desirable and in the best interests of the Company, including its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the Bankruptcy Code; and it is further

  **RESOLVED**, that the officers of the Company (or any director or officer of David's Bridal LLC in the name of and on behalf of David's Bridal LLC pursuant to the rights, powers and duties of David's Bridal LLC under the aforementioned unanimous shareholder agreement) (each an "Authorized Officer") be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute, verify, and file in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable, and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case, including but not limited to the retention and employment of legal counsel, accountants, financial advisors, and other professionals; and it is further

  **RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to (a) obtain post-petition financing, including debtor-in-possession credit facilities and the use of cash collateral (the "DIP Financing"); and (b) provide adequate protection to lenders and incur obligations related thereto and to pledge and grant liens on the assets of the Company, as may be contemplated by or required under the terms of such DIP Financing; and (c) execute any appropriate loan agreements, cash collateral agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions, security agreements, pledges, guarantees,

bills, notes, or certificates on behalf of the Company which shall be necessary, proper or advisable under or in connection with any of the foregoing; and it is further

**RESOLVED**, that in connection with the chapter 11 case, the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to enter into one or more Asset Purchase Agreements with such terms and provisions as the Authorized Officers deem necessary or advisable, and to enter into any other agreements, documents, and instruments in connection  therewith, and to take all such further actions, perform such further duties, and execute and deliver or file such additional agreements, documents, applications, instruments, certificates, and corporate papers as contemplated in or by the Asset Purchase Agreements or as the Authorized Officers may otherwise deem necessary or desirable to accomplish and consummate the transactions contemplated by the Asset Purchase Agreements; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the law firms of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E") as bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of K&E; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the law firm of Cole Schotz P.C. ("CS") as bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of CS; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the services of Berkeley Research Group, LLC ("BRG") as the Company's financial advisor, and in connection therewith, the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of BRG; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the services of Houlihan Lokey  Capital, Inc. ("HL") as the Company's investment banker, and in connection therewith, the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of HL; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the services of Gordon Brothers Retail Partners, LLC ("Gordon Brothers") as the Company's liquidation consultant, and in connection therewith, the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior

to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of Gordon Brothers; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the services of Omni Agent Solutions ("Omni") as the Company's claims and noticing agent, and in connection therewith, the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of Omni; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to retain the services of Osler, Hoskin & Harcourt LLP ("Osler") as the Company's Canadian counsel with respect to proceedings under Part IV of the CCAA (as herein defined), and in connection therewith, the Authorized Officers are each hereby authorized and directed to, to the extent not already completed pursuant to prior resolutions, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and cause to be filed an appropriate application for authority to retain the services of Osler.

**Debtor-In-Possession Financing, Cash Collateral, and Adequate Protection**

**WHEREAS**, reference is made to that certain Amended and Restated ABL Credit Agreement, dated as of November 26, 2019 (as amended by that certain First Amendment to Amended and Restated ABL Credit Agreement, dated as of June 19, 2020, as further amended by that certain Second Amendment to Amended and Restated ABL Credit Agreement, dated as of April 30, 2021, and as further amended by that certain Third Amendment to Amended and Restated ABL Credit Agreement, dated as of November 21, 2022, the "ABL Credit Agreement"), by and among David's Bridal, LLC, a Florida limited liability company ("DB LLC"), DBI Midco, Inc., a Delaware corporation ("Holdings"), Blueprint Registry LLC ("BPR LLC") and the Company, each lender from time to time a party thereto, Bank of America, N.A., as the administrative agent and collateral agent thereunder, 1903P Loan Agent, LLC as FILO agent thereunder;

**WHEREAS**, reference is made to that Senior Superpriority Term Loan Credit Agreement, dated as of April 30, 2021 (as amended by that certain Amendment No. 1 to Senior Superpriority Term Loan Credit Agreement, the "Senior Superpriority Term Loan Credit Agreement"), by and among Holdings, DB LLC, BPR LLC, the Company, Alter Domus (US) LLC, as administrative agent and collateral agent, and the lenders from time to time party thereto;

**WHEREAS**, reference is made to that certain Superpriority Term Loan Credit Agreement, dated as of June 19, 2020 (as amended by that certain Amendment No. 1 to Superpriority Term Loan Credit Agreement, dated as of April 30, 2021 and as further amended by that certain Amendment No. 2 to Superpriority Term Loan Credit Agreement, dated as of November 21, 2022, the "Superpriority Term Loan Credit Agreement"), by and among Holdings, DB LLC, BPR LLC, the Company, Cantor Fitzgerald securities, as administrative agent and the lenders from time to party thereto;

**WHEREAS**, reference is made to that certain First Lien Term Loan Credit Agreement, dated as of November 26, 2019 (as amended by that certain Amendment No. 1 to First Lien Term Loan Credit Agreement, dated as of June 19, 2020, as further amended by that certain Amendment No. 2 to First Lien Term Loan Credit, dated as of April 30, 2021 and as further

amended by that certain Amendment No. 3 to First Lien Term Loan Credit Agreement, dated as of November 21, 2022, the "<u>First Lien Term Loan Credit Agreement</u>"), by and among Holdings, DB LLC, BPR LLC, the Company, Cantor Fitzgerald Securities, as administrative agent and the lenders from time to time a party thereto;

WHEREAS, reference is made to that certain Term Loan Credit Agreement, dated as of January 18, 2019 (as amended by the Amendment No. 1 to Term Loan Credit Agreement, dated as of March 22, 2019, as amended by the Amendment No. 2 to Term Loan Credit Agreement, dated as of August 28, 2019, as amended by the Amendment No. 3 to Term Loan Credit Agreement, dated as of October 10, 2019, as amended by the Amendment No. 4 to Term Loan Credit Agreement, dated as of November 26, 2019 and as amended by that certain Amendment No. 5 to Term Loan Credit Agreement, dated as of November 21, 2022, the "<u>Takeback Term Loan Agreement</u>", and together with ABL Credit Agreement, the Senior Superpriority Term Loan Credit Agreement, the Superpriority Term Loan Credit Agreement, the First Lien Term Loan Credit Agreement, the "<u>Prepetition Financing Agreements</u>"), by and among Holdings, DB LLC, BPR LLC, the Company, Cantor Fitzgerald Securities, as administrative agent and the lenders from time to time a party thereto; and

WHEREAS, the DB LLC and certain of its affiliates have negotiated the (i) terms of that certain Senior Secured Super-Priority Debtor-in-Possession ABL Credit Agreement, to be dated on or around the date hereof (the "<u>DIP Credit Agreement</u>"), among DB LLC, Holdings, BPR LLC, the Company (collective, the "<u>DIP Loan Parties</u>"), Bank of America, N.A. as Administrative Agent (as defined in the DIP Credit Agreement), 1903P Loan Agent, LLC as FILO Agent (as defined in the DIP Credit Agreement and together with the Administrative Agent the "<u>DIP Agents</u>") and each lender from time to time party thereto, the form of which (or substantially the form) has been provided to the sole shareholder, (ii) one or more guaranty and security agreements evidencing the guaranties of the obligations under the DIP Credit Agreement, by the DIP Loan Parties thereunder and the liens on certain of the assets of the DIP Loan Parties securing the obligations under the DIP Credit Agreement (each such document, together with the DIP Credit Agreement, the "<u>DIP Documents</u>") and (iii) the arrangement for the DIP Financing and the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>").

NOW THEREFORE, be it:

RESOLVED, that in the business judgment of the sole shareholder, the Company will benefit from using collateral, including Cash Collateral that is security for the holders of DB LLC's obligations under the Prepetition Financing Documents (the "<u>Prepetition Secured Parties</u>"); and it is further

RESOLVED, that the execution, delivery and performance of the DIP Documents and the Additional DIP Documents (as defined below) and the consummation of the transactions contemplated thereby be, and they hereby are, declared advisable and fair to, and in the best interest of, the Company and, in the business judgment of the sole shareholder, the Company will benefit from entering and performing under the DIP Documents; and it is further

RESOLVED, that for the Company to use and benefit from using the Cash Collateral and in accordance with Section 363 of the Bankruptcy Code, the Company will provide certain liens, claims, and other entitlements to the Prepetition Secured Parties (collectively, the "<u>Adequate</u>

Protection Obligations"), as documented in a proposed interim order and a proposed final order (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Documents, and any documents and agreements related thereto or contemplated thereunder, and the DIP Orders to which the Company shall be subject, and the actions and transactions contemplated thereby, including (i) the borrowing of funds pursuant to the terms of the DIP Credit Agreement and the DIP Orders by the DIP Loan Parties and the provision of the guarantees and security with respect thereto by the DIP Loan Parties and (ii) the negotiation, execution, delivery and performance of the DIP Documents, and all other agreements, instruments, documents, notices and certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the DIP Documents or otherwise permitted thereunder or related thereto (each an "Additional DIP Document" and, collectively, the "Additional DIP Documents") (including, for the avoidance of doubt, the approval of the format and terms of, and executing and delivering, any such schedules, confirmations and other documents in connection with the DIP Documents and the Additional DIP Documents that are requested by the DIP Agents) and the making of representations and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, in each case, are hereby authorized and approved are authorized and approved in all respects; and each Authorized Officer is authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Documents and the Company's obligations thereunder (collectively, the "DIP Obligations"), and to perform under the DIP Orders and cause the Company's performance of their obligations thereunder; and it is further

**RESOLVED**, that the Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and the DIP Obligations, including granting liens on its assets to secure claims that constitute Adequate Protection Obligations and the DIP Obligations; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, appropriate, or proper to consummate and implement the DIP Transactions, including, without limitation, (i) the execution and delivery of the DIP Documents and each Additional DIP Document, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, desirable or advisable, (ii) the preparation, negotiation, execution, delivery and filing of any agreements, certificates or other instruments or documents (including mortgages, security agreements, pledge agreements, financing statements and similar documents related to the DIP Documents or the DIP Transactions), (iii) the modification or amendment (whether prior to or subsequent to the date hereof) of any of the terms and conditions of the DIP Documents and/or any Additional DIP Documents, (iv) the payment of any consideration, (v) the payment of indemnities, fees, costs, expenses and taxes as any such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard) in order to effect the DIP Transactions, (vi) the creation and/or

management of any other demand deposit or operating account relationships or other cash management services; and (vii) all acts of any such Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Facility and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions; and it is further

**RESOLVED**, that each Authorized Officer of the Company, any one of whom may take action without the joinder of any of the others, is hereby authorized, in the name and on behalf of the Company, to (a) prepare any amendments, waivers, consents, supplements, or other modifications under the DIP Documents and/or each Additional DIP Document to which the Company is a party as may be necessary, convenient, advisable, desirable or appropriate at any time from time to time, which amendments, waivers, consents or supplements may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents as such Authorized Officer shall deem to be necessary, convenient, advisable, desirable or appropriate, such execution and delivery by such Authorized Officer to be conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and it is further

**RESOLVED**, that (a) the signature of any Authorized Officer of the Company to each DIP Document, and each Additional DIP Document and any amendments, waivers, consents, supplements, or other modifications to which the Company is a party shall be conclusive

evidence of the authority of such Authorized Officer to execute and deliver such documents and (b) any person dealing with any Authorized Officer of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code or in connection with its proceedings under Part IV of the CCAA (as herein defined); and in connection therewith, the Authorized Officers are each hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the Bankruptcy Court and/or the Ontario Superior Court of Justice (Commercial List), as applicable, for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable, and proper; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute, verify, and file in the Ontario Superior Court of Justice (Commercial List) all applications, motions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable, and proper, in connection with the Company's commencement of proceedings under Part IV of the *Companies' Creditors Arrangement* Act (Canada) ("CCAA") in order to recognize and give effect to the Chapter 11 Cases in Canada, with a view to the successful prosecution of such CCAA proceedings, and to take any other action or proceeding in Canada in connection therewith; and it is further

**RESOLVED**, that the sole shareholder of the Company shall seek the Bankruptcy Court's authorization to act as "foreign representative" to commence proceedings under Part IV of the CCAA to recognize and give effect to the Chapter 11 Cases in Canada; and it is further

**RESOLVED**, that the Authorized Officers, on behalf of the Company, be, and each of them hereby is, authorized, empowered, and directed to take any and all actions necessary to execute, deliver, certify, file, record and/or perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 Case; and it is further

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or the sole shareholder in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects; and it is further

**RESOLVED,** that this Written Consent may be executed in ".pdf", facsimile or DocuSign, and in any number of counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

*[remainder of page left intentionally blank]*

Consented to by the sole shareholder of the Company.

**DAVID'S BRIDAL LLC**

Per:      E-SIGNED by Lori Kinkade
          on 2023-04-16 08:41:53 EDT

Lori Cochran Kinkade
Senior Vice-President, Head of Legal
  & Secretary